**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2012

No. 11-20252
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO RAFAEL FLORES-COLUNGA, also known as Julio Rafael Flores, also known as Julio Rafael Flores Colunga,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-877-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mexican national Julio Rafael Flores-Colunga (Flores) pleaded guilty to being found in the U.S. without permission after having been previously removed, in violation of 8 U.S.C. § 1326.  The district court sentenced him to the low end of the guidelines range, 41 months.  He appeals the sentence.

Ordinarily, we review sentences for procedural error and for substantive reasonableness under an abuse of discretion standard.  *Gall v. United States*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20252

552 U.S. 38, 51 (2007). Unpreserved errors are reviewed for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Flores renews his assertion that the sentence imposed in his case violates the Eighth Amendment's prohibition against cruel and unusual punishment and further argues, for the first time on appeal, that his sentence violates the Constitution's guarantee of equal protection. Flores's within-guidelines sentence is not, however, grossly disproportionate to his offense that it violates the Eighth Amendment. *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993). Neither did the enhancement of Flores's sentence under § 2L1.2(b)(1)(A) violate his right to equal protection of the law. *See id.* Flores's contention, as part of his equal-protection claim, that fast-track districts create an unwarranted sentencing disparity is foreclosed by precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 & n.4 (5th Cir. 2008).

Flores next claims that his sentence is both procedurally and substantively unreasonable, contending that the sentencing court should have exercised its discretion to vary downwardly to 24 months. His complaint that the district court applied the guidelines as mandatory, raised for the first time on appeal, is not supported by the record. Additionally, the record shows that the district court expressly considered Flores's arguments for a variance, including his policy challenges to § 2L1.2 and the relative harshness of prison sentences on aliens, but rejected them, citing, among other reasons, the heinous nature of Flores's prior crime and his multiple illegal reentries. Flores's disagreement with the district court's balancing of the § 3553(a) factors is insufficient to establish error on the district court's part. *See Gomez–Herrera*, 523 F.3d at 565-66. Flores's contention that the presumption of reasonableness should not apply in his case because § 2L1.2(b) lacks an empirical basis is also foreclosed by precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

2

Flores has failed to show that his sentence is procedurally or substantively unreasonable, and he has not rebutted the presumption of reasonableness attached to his within-guidelines sentence. *See Gall*, 552 U.S. at 51; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Neither has Flores demonstrated any error on the district court's part, plain or otherwise. *See Puckett*, 556 U.S. at 135. The judgment of the district court is therefore AFFIRMED.